IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** | * | |
| | * | |
| v. | * | **Civil No. PWG 13-1512** |
| | * | |
| **EL GRAN CHAPPARRAL, INC. t/a** | * | |
| **EL GRAN CHAPPARRAL** | * | |
| | * | |

**REPORT AND RECOMMENDATION**

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Judgment by Default. ECF No. 8. Defendant was properly served and failed to plead or otherwise respond to the complaint, and the Clerk of the Court entered default against it. ECF Nos. 5, 7. For the following reasons, I recommend that Plaintiff's motion be granted in part, with the requested damage award reduced as set forth below.

**I.     Background.**

On May 23, 2013, Plaintiff, J&J Sports Productions, Inc., filed a complaint against Defendant, El Gran Chaparral, Inc. t/a El Gran Chaparral, claiming that Defendant's alleged display of a televised boxing match was an unauthorized publication in violation of Sections 605 and 553 of Title 47 of the United States Code. Plaintiff also set forth a claim for conversion.

The complaint alleges that Plaintiff was "granted the exclusive nationwide television distribution rights to the *Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight Program* which telecast nationwide on Saturday, May 7, 2011." ECF No. 1 at 3. The rights "included all under-card bouts and fight commentary encompassed in the television broadcast of the event." *Id.* Plaintiff then entered into various sublicensing agreements with hotels, bars and restaurants, allowing the venues to show the event to their

patrons. *Id.* Plaintiff contends that Defendant knowingly intercepted the event for its direct financial gain without obtaining the necessary licensing rights from Plaintiff. Plaintiff requests a statutory damage award of $100,000 under 47 U.S.C. § 605, a statutory damage award of $50,000 under 47 U.S.C. § 553, a compensatory damage award of $1,500 for its conversion claim, and recovery of costs and reasonable attorneys' fees. ECF No. 1 at 6-7; ECF No. 8 at 2.

## II.     Standard of Review.

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability, but not as to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "Where the amount of damages is uncertain, the court is required to make an independent determination of the sum to be awarded." *J&J Sports Prods. v. Melgar*, Civ. No. PJM 11-3339, 2012 U.S. Dist. LEXIS 69391, at \*5 (D. Md. May 15, 2012) (citations and quotation marks omitted). "While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on detailed affidavits or documentary evidence to determine the appropriate sum." *Id.*

## III.    Analysis.

Where there are allegations comparable to those found in this case,

> Courts have held that the alleged conduct violated both §§ 553 and 605. Plaintiffs, however, cannot recover under both statutes for the same conduct, so courts typically grant recovery under only § 605, as it provides for greater recovery. Courts have similarly not allowed recovery for claims of conversion, as they would not exceed those under §§ 553 or 605 and would result in double-recovery.

*Id.* at \*5-6. Here, Plaintiff has stated a valid claim under section 605 and the court should consider damages under this section only. Plaintiff may recover up to $10,000 in statutory

damages, the maximum allowable under section 605(e)(3)(C)(i)(II), and $100,000 in enhanced damages, the maximum amount under section 605(e)(3)(C)(ii).[1]

### A. Statutory Damages under 47 U.S.C. § 605.

Plaintiff has elected an award of statutory, rather than actual, damages. In *J&J Sports Prods. v. Quattrocche*, Civ. No. WMN 09-3420, 2010 U.S. Dist. LEXIS 55482 (D. Md. June 7, 2010), the court set forth the relevant considerations in the damages analysis under section 605(e)(3)(C)(i)(II):

> Here, Plaintiff has elected an award of statutory damages, which under 47 U.S.C. § 605(e)(3)(C)(i)(II) entitles Plaintiff to an award "as the court considers just," between a range of $1000 to $10,000 for each unauthorized reception and publication of a radio communication by the defendants in violation of section 605(a). Courts in this Circuit have used two different approaches to exercising discretion in awarding damages under § 605(e)(3)(C)(i)(II). The first approach has two variations. This approach involves multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. The first variation seeks to approximate the defendant's profits or the plaintiff's lost earnings assuming each patron would have ordered the event for residential viewing. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. The other approach to calculating damages is to award a flat sum per violation.

*Id.* at *4-5 (citations omitted).

In support of its claim for statutory damages, Plaintiff relies on the affidavit of Jauquine Tantillo, a private investigator who observed the broadcast[2] on three televisions inside Defendant's commercial establishment on May 7, 2011 from approximately 10:30 p.m. to 10:45 p.m., ECF No. 8-5 at 4, and a "rate card," ECF No. 8-3, indicating that Defendant, in order to purchase the event legally, would have had to pay $2,200 to televise the broadcast in a venue

---

[1] While both provisions under section 605(e)(3)(C) are prescribed by statute, for ease of exposition I refer to the amount under section 605(e)(3)(C)(i)(II) as "statutory damages" and the amount under section 605(e)(3)(C)(ii) as "enhanced damages."

[2] The investigator did not actually observe the telecast of the fight between Manny Pacquiao and Shane Mosley. He observed the introduction of an undercard fight between Jorge Arce and Wilfredo Vazquez, Jr. This constitutes a violation of 47 U.S.C. § 605 because Plaintiff was granted the exclusive distribution rights to the main event as well as all undercard fights and fight commentary associated with the event.

3

with a seating capacity of 0-50 patrons, $4,200 for 51-100 patrons, and $6,200 for 100-200 patrons. In *J & J Sports Prods. v. Greene*, Civ. No. DKC 10-0105, 2010 U.S. Dist. LEXIS 67006, at *10-11 (D. Md. July 6, 2010), the court used a similar rate card "to approximate the amount[] the offending establishment[] would have been required to pay in order to exhibit the boxing matches lawfully." *Id.* at *12. The investigator in *Greene* counted approximately 65 patrons in the establishment but never discerned the approximate capacity of the establishment. The court, referencing the $2,200 figure on the rate card for 0-100 patrons, concluded that Plaintiff accepted this amount as equal to its out-of-pocket costs due to Defendant's violation. *Id.* Accordingly, the court awarded Plaintiff statutory damages of $2,200 under section 605(e)(3)(C)(i)(II).

Here, the investigator counted the number of patrons three separate times; the head counts were 55, 60 and 61, and the establishment had a capacity of approximately 150 people. ECF No. 8-5. The rate card price is based on seating capacity, rather than the number of patrons who actually observed the event, and is $6,200 for a seating capacity of 100-200 patrons. Thus, the court should award statutory damages of $6,200 under section 605(e)(3)(C)(i)(II). *Cf. J & J Sports Prods. v. Mumford*, Civ. No. DKC 10-2967, 2012 U.S. Dist. LEXIS 173357, at *9-10 (D. Md. Dec. 6, 2012).

### B. Enhanced Damages for Willfulness under 47 U.S.C. § 605.

Pursuant to section 605(e)(3)(C)(ii), where the court finds that a violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000." In *Quattrocche*, 2010 U.S. Dist. LEXIS 55482 (D. Md. June 7, 2010), the court explained:

> In determining whether enhanced damages are warranted, other courts in this Circuit have looked to several factors: 1) evidence of willfulness; 2) repeated violations over an extended period of time; 3) substantial unlawful monetary gains; 4) advertising the broadcast; and 5) charging an admission fee or charging premiums for food and drinks.

*Id.* at *6-7 (citations omitted). That Defendant intercepted and exhibited the broadcast willfully and for direct or indirect commercial advantage cannot be doubted. "After all, signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *J & J Sports Prods. v. RBP, Inc.*, Civ. No. DKC 11-3336, 2012 U.S. Dist. LEXIS 167999, at *11 (D. Md. Nov. 27, 2012) (citations and quotation marks omitted). On the other hand, Plaintiff has presented no evidence of repeated violations or advertising associated with the restaurant's broadcast of the event, and the investigator did not pay a cover charge.

On similar facts, the *RBP* court recognized that the defendant did not advertise or charge an admission fee, but concluded that enhanced damages should be awarded because "[i]f only statutory damages were awarded, there would be little to deter Defendant[] or other similarly situated businesses from risking future violations." *Id.* "Courts have generally awarded anywhere from three to six times the statutory damages award for enhanced damages." *Id.* (citations and quotation marks omitted). "Where, as here, the evidence suggests that no admission fee was charged, courts in this district have typically multiplied the statutory damages amount by a factor of three to calculate enhanced damages." *Id.* (citations omitted). As there is no evidence suggesting that a higher multiplier is warranted here, the court should multiply the statutory damages by a factor of three, awarding Plaintiff enhanced damages under § 605(e)(3)(C)(ii) in an amount of $18,600 for a total damage award of $24,800.

**IV.     Attorneys' Fees and Costs.**

The complaint requests costs and reasonable attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), but Plaintiff's motion for judgment by default neither requests attorneys' fees or costs nor presents any evidence about the costs expended or the attorneys' fees incurred in pursuing the claims against Defendant. Thus, no award should be made for attorneys' fees or costs. *See Joe Hand Promotions, Inc. v. Hanaro Bethesda, Inc.*, Civ. No. WGC 11-191, 2012 U.S. Dist. LEXIS 85215, at *21 (D. Md. June 20, 2012) (denying plaintiff's request for attorneys' fees and costs because plaintiff presented no evidence relating to either request in its motion for default judgment).

**V.     Conclusion.**

For the reasons set forth above, the court should:

(A) Grant Plaintiff's motion for judgment by default;

(B) Award Plaintiff $6,200 as statutory damages under 47 U.S.C. § 605;

(C) Award Plaintiff $18,600 as enhanced damages under 47 U.S.C. § 605;

(D) Deny Plaintiff's request for statutory damages and enhanced damages under 47 U.S.C. § 553;

(E) Deny Plaintiff's request for damages based on conversion; and

(F) Deny Plaintiff's request for reasonable attorneys' fees and costs.

Date: January 29, 2014                                   /S/
                                                                    JILLYN K. SCHULZE
                                                                    United States Magistrate Judge